**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**MOHAMMAD MIZANUR RAHMAN** **CASE NO. 3:26-CV-03241 SEC P**

**VERSUS** **JUDGE ALEXANDER C. VAN HOOK**

**U.S. ICE** **MAGISTRATE JUDGE AYO**

# REPORT AND RECOMMENDATION

Currently before the court is a PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 [Doc. 1] filed by Mohammad Mizanur Rahman. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons which follow, IT IS RECOMMENDED that the petition be DENIED AND DISMISSED WITHOUT PREJUDICE.

## I. FACTUAL BACKGROUND

Rahman is a native and citizen of Bangladesh. Through the instant petition, he seeks immediate release from detention or a bond hearing. [Doc. 1, p. 8]. On March 31, 2026, an immigration judge ordered Rahman removed. [*See* doc. 1, p. 5]. According to the EOIR Automated Case Information website, while the instant petition was pending, Rahman's Order of Removal became final on September 24, 2026.

## II. LAW AND ANALYSIS

### *A. Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily

dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, the Court reviews the pleadings and exhibits to determine whether any right to relief is indicated or whether the petition must be dismissed.

*B. Analysis*

At the time he filed the instant petition, Rahman was in pre-removal order detention, as the appeal of his order of removal was pending. On September 24, 2026, the Board of Immigration Appeals affirmed the immigration judge's order of removal, and the removal order became final.[1] Since then, Rahman has been in post-removal order detention. *See* 8 U.S.C. § 1231.

Under § 1231(a)(1)(A), ICE has 90 days to remove an alien after he is ordered removed. However, the Supreme Court has held that § 1231 permits the detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months after the removal order becomes final is presumptively reasonable. *Id.*

After six months, however, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption

[1]An order of removal "shall become final upon the earlier of--(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *See* 8 U.S.C. § 1101(47)(B). 8 C.F.R. §1003.38 requires that a Notice of Appeal shall be received by the Board of Appeals within 30 calendar days of the Immigration Judge's ruling. *See Smith v. Conner*, 250 F.3d 277 (5th Cir. 2001).

does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 701.

Because Rahman's removal order became final on September 24, 2026, he has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*. Thus, the instant habeas petition should be dismissed as premature. *See Okpoju v. Ridge,* 115 F. App'x 302 (5th Cir. 2004), *cert. denied*, 544 U.S. 1066, 125 S. Ct. 2528, 161 L. Ed. 2d 1120 (2005); *see also Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011); *Agyei-Kodie v. Holder,* 418 F. App'x 317, 318 (5th Cir. 2011) (although 90-day period had expired, challenge to detention was premature because Petitioner had not been in post-removal-order custody more than six months).

## III. CONCLUSION

IT IS RECOMMENDED that the instant PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 [Doc. 1] be DENIED and DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b),

shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, October 23, 2026.

David J. Ayo
United States Magistrate Judge